## UNITED STATES of America, Plaintiff-Appellee,

v.

## Alvaro ZEPEDA-TOSCANO, Defendant-Appellant.

### No. 15-10572

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 19, 2016

Robert Lally Miskell, Assistant U.S. Attorney, USTU—Office of the US Attorney, Tucson, AZ, for Plaintiff-Appellee

Alvaro Zepeda-Toscano, Pro Se

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Alvaro Zepeda-Toscano appeals pro se from the district court's orders denying his

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Zepeda-Toscano contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Assuming without deciding that Zepeda-Toscano's Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement does not preclude him from a sentence reduction under *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc), he is nonetheless ineligible for a sentence reduction under Amendment 782 because his sentence is already below the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Accordingly, the district court did not err by denying Zepeda-Toscano's motion.

We reject Zepeda-Toscano's claim that he received ineffective assistance of counsel because the Federal Public Defender did not represent him in these proceedings.

**AFFIRMED.**

ed by Ninth Circuit Rule 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.